19867

ROCHESTER REAL ESTATE COMPANY, INC., Respondent v. WALHALLA SALES CORPORATION, Appellant, and Ralph T. Rogers and Oliver T. Rogers, Executors of the Estate of Joe T. Rogers.

(207 S. E. (2d) 100)

*W. Wallace Gregory, Jr., Esq.,* of Walhalla, *for Appellant,*

*Lowell W. Ross, Esq.,* of Walhalla, *for Respondent,*

*W. Wallace Gregory, Jr., Esq.,* of Walhalla, *for Appellant,* in Reply.

July 18, 1974.

BRAILSFORD, Justice:

This is an appeal from an order directing Walhalla Sales Corporation to comply with a contract to purchase two parcels of real estate from Rochester Real Estate Company, Inc.

The sale was negotiated by a real estate broker in unusual fashion. Upon obtaining the purchaser's agreement to pay $8,000.00 for one parcel of land and $1,800.00 for the other, the broker drew two instruments in the form of contracts of purchase and sale, which named the broker, as "Agent", the seller, and Walhalla Sales, the purchaser. These instruments, which were executed by the broker as "Agent" and by the purchaser, were in form complete contracts of purchase and sale with respect to each tract of land except that they qualified the seller's promise to convey by these words, "Sale is subject to approval of owner." The broker then presented these instruments to Rochester Real Estate, the owner of the property whose identity was unknown to the purchaser. The seller assented to the terms proposed and turned over to the broker duly executed deeds conveying the respective tracts to the purchaser. The broker tendered the deeds to the purchaser which refused to accept delivery or to pay the purchase price. This action for specific performance followed.

The court below held that the writings executed by the broker and the purchaser, although in form contracts of purchase and sale, were effective as written offers to purchase, which ripened into contracts upon their acceptance by the owner before withdrawal. We find no difficulty in agreeing. It is perfectly apparent that the broker's objective was to make a sale by producing a purchaser willing to purchase on terms satisfactory to the owner. When the president of the purchaser signed these documents and turned them over to the broker, he must have known that the broker would seek out the owner and present the document as embodying the terms on which his corporation was ready

and willing to purchase. The purchaser knew by the express terms of the writings that the broker did not purport to bind the owner to sell. Unless it intended to make an offer to be transmitted to owner, the execution of these formal documents was an exercise in futility.

No particular form of words is necessary to constitute an offer, which has been aptly defined as "an expression by one party of his assent to certain definite terms, provided that the other party involved in the bargain will likewise express his assent to the identically same terms." 1 Corbin, Contracts, Sec. 11 (1963).

In *Masonic Temple v. Ebert,* 199 S. C. 5, 18 S. E. (2d) 584 (1942), a formal contract for the purchase and sale of substantially all of a corporation's property, duly executed by the purchaser and the proper officers of the corporation, was held to be in the nature of an offer to purchase, which could bind the purchaser if accepted by the stockholders or be withdrawn by proper notice at any time before its acceptance.

Appellant makes a Statute of Frauds argument which is not properly before us because it was not presented to or passed upon by the lower court.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.